# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1113

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
     v.                      *    District Court for the Northern
                             *    District of Iowa.
Jeremiah J. Kerby,           *
                             *           [UNPUBLISHED]
            Appellant.       *


_____

Submitted:  May 6, 2002

Filed:  May 16, 2002

_____

Before MORRIS SHEPPARD ARNOLD, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Jeremiah J. Kerby pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and to using and carrying a firearm during and in relation to the bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). At sentencing, the district court[1] imposed an obstruction-of-justice increase and, over Mr. Kerby's objection, denied him an acceptance-of-responsibility reduction under

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

U.S.S.G. § 3E1.1. The court sentenced him to 151 months imprisonment for the robbery, a consecutive term of 84 months imprisonment for the gun conviction, and concurrent supervised release terms (5 and 3 years respectively). The court also ordered Kerby to pay $46,012.50 in restitution. On appeal, counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), challenging the denial of the section 3E1.1 reduction.

The district court did not clearly err. See United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000). Two witnesses testified that Mr. Kerby threatened to harm, or solicited others to harm, a codefendant who had cooperated with the government. Further, Mr. Kerby stipulated that he had obstructed justice during the investigation of his case by destroying evidence. See U.S.S.G. § 3E1.1, comment. (n.4) (conduct supporting obstruction enhancement ordinarily indicates defendant should not receive § 3E1.1 reduction); United States v. Honken, 184 F.3d 961, 967-69 (8th Cir.) (district court should consider totality of circumstances), cert. denied, 528 U.S. 1056 (1999). Mr. Kerby carried the burden of establishing his entitlement to the reduction, see Honken, 184 F.3d at 968, and "the determination of the sentencing judge is entitled to great deference on review," because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," see U.S.S.G. § 3E1.1, comment. (n.5).

Having reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-